UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EVERETT 4 CORNERS, LLC, | CASE NO. C11-1638JLR |
| Plaintiff, | ORDER DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT |
| v. | |
| KMART CORPORATION, | |
| Defendant. | |

This matter comes before the court on cross-motions for summary judgment brought by property owner Everett 4 Corners, LLC ("Everett") and its lessee, Defendant Kmart Corporation ("Kmart"). (Defts. Mot. (Dkt. # 19); Pltfs. Mot. (Dkt. # 22).) The case is about who should have to pay for the repaving of a Kmart parking lot. The parties have a contract under which Kmart must reimburse Everett for maintenance expenses, but Kmart claims Everett did not first obtain its written approval as the contract required. Everett claims that, even if it did not obtain written approval, it properly invoked the contract's "emergency expenditures" exception and that Kmart, through its conduct,

ORDER- 1

waived the right to demand strict compliance with the agreement. Both parties insist that the facts so plainly support their position that they are entitled to summary judgment. But both parties cannot be right. The court holds that there are genuine issues of material fact that preclude summary judgment and DENIES both motions (Dkt. ## 19, 22).

## I.   FACTUAL BACKGROUND

Defendant Kmart operates a department store in a shopping center on Evergreen Parkway in Everett, Washington. (Decl. of Daryl Penn (Dkt. # 20) ¶ 2.) Kmart leases its store space from Everett 4 Corners, an LLC owned by commercial real estate developer Arthur Walker. (Decl. of Amit Ranade (Dkt. # 21) Ex. B at 29.) Everett owns both the land on which the store sits and the parking lot surrounding the store, but Kmart has an easement to use the parking lot under an agreement with Everett called "Reciprocal Easement and Operation Agreement" ("REOA"). (Penn Decl. ¶ 3.) The terms of the REOA, and how they allocate financial responsibility for repaving the Kmart parking lot, are the subject of this lawsuit.

The repaving project in question was undertaken by Everett under circumstances that are factually disputed. The parties agree that the parking lot was in a state of disrepair before it was repaved, but they disagree about the extent of the disrepair and how much of a hazard it posed to pedestrians and vehicles. (*Compare* Ranade Decl. Ex. B at 121, Ex. A at 19; Penn Decl. ¶ 5 *with* Decl. of David Hosenpud (Dkt. # 24-4) Ex. 19 at 52, Ex. 7 at 35, Ex. 6 at 13.) Nevertheless, it is undisputed that Everett paved the parking lot, that the project cost Everett $181,144.87, that Everett invoiced Kmart for

$130,723.99, and that Everett undertook the expense before obtaining Kmart's written consent. (Pltfs. Mot. at 9-10, 12.)

Under the REOA, Everett, as landlord, is responsible for maintaining and repairing the parking lot; Kmart, as tenant, is responsible for reimbursing Everett a pro rata share of so-called "Common Area Maintenance" ("CAM") expenses. (Ranade Decl. Ex. B at 85-86.) For an expense to be classified as a CAM expense, the REOA says it must be included in a yearly CAM budget. (*Id.* at 86.) However, the parties have never followed this provision, and in their ordinary dealings they have simply used monthly invoices. (Penn Decl. ¶ 4.) Nevertheless, the parties agree that under the REOA, Kmart is not required to pay a pro rata share of an unbudgeted expense that would cost Kmart over $2,000.00 unless Everett first obtains Kmart's written approval before paving:

> CAM Expenses shall not include the following:
>
> . . .
>
> (ii) Any item ("CAM Approval Item") of CAM Expenses not contained in a CAM budget . . . if [Kmart's] Pro Rata Share of such item exceeds Two Thousand Dollars ($2,000), unless approved in writing in advance by [Kmart] . . . .

(Ranade Decl. Ex. B at 86.) One pertinent exception is that Kmart must pay for "emergency expenditures," which the REOA explicitly defines:

> Notwithstanding the foregoing provisions . . . CAM Expenses shall include all emergency expenditures which shall mean all reasonable expenditures made by Developer in connection with the Common Areas in order to rectify or mitigate any condition that imposes a real and immediate risk of injury to person or serious and irreparable damage to property.

(*Id.* at 87.)

ORDER- 3

In this motion for summary judgment, Kmart argues that it does not need to reimburse Everett for the paving project because Everett did not obtain Kmart's written approval before undertaking the expense. Everett, in its cross motion, argues that it did not need to obtain Kmart's written approval because the parking lot repair was an "emergency expenditure," and that Kmart waived its right to demand strict compliance with the contract terms. Further, Everett argues that it is entitled to summary judgment that Kmart breached its duty to perform the contract in good faith.

## II.  ANALYSIS

This motion comes at a stage of the case where the parties disagree about many of the facts material to resolving their dispute. This is fatal to a summary judgment motion.

### A.  Standard on a Summary Judgment Motion

Summary judgment is appropriate only if the evidence, when viewed in the light most favorable to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007). A fact is "material" if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" if the evidence is such that reasonable persons could disagree about whether the facts claimed by the moving party are true. *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983). The moving party bears the initial burden of showing there is no genuine issue of material fact and that he or she is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. If the moving party meets his or her

ORDER- 4

burden, the non-moving party "must make a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of his case that he must prove at trial." *Galen*, 477 F.3d at 658.

> [T]he issue of material fact required by Rule 56(c) to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.

*First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968). The court is "required to view the facts and draw reasonable inferences in the light most favorable to the [non-moving] party." *Scott v. Harris*, 550 U.S. 372, 378 (2007).

**B.   Genuine Issues of Material Fact Preclude Defendant Kmart's Motion for Summary Judgment**

Whether summary judgment is appropriate turns on whether there is a genuine dispute of material fact that the repaving project was an "emergency expenditure."

As an initial matter, this is a factual question rather than a legal question. There is no bright line rule separating questions of fact from questions of law, but when "the issue falls somewhere between a pristine legal standard and a simple historical fact, the fact/law distinction at times has turned on a determination that, as a matter of the sound administration of justice, one judicial actor is better positioned than another to decide the issue in question." *Miller v. Fenton*, 474 U.S. 104, 114 (1985). In other words, if the issue is of a type normally decided by courts, it is likely to be an issue of law, whereas if the issue requires "experience with the mainsprings of human conduct" and "reference to the data of practical human experience," it is likely to be an issue of fact better left to the

jury. *Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1126 (5th Cir. 1978); *see also Lewis v. Time, Inc.*, 710 F.2d 549, 553 (9th Cir. 1983). Here, it requires no specialized judicial knowledge to determine whether a dangerously unmaintained parking lot constitutes an "emergency." Instead, the actor called upon to decide this issue will refer to his or her understanding of how humans experience danger and assess risk, how much danger is tolerable, and other considerations drawing on the "data of practical human experience." *Nunez*, 572 F.2d at 1126. Thus, this is a determination better left to a jury—in other words, a factual issue. Certainly, the court can interpret the parties' contract and define the scope of "emergency expenditure" as a matter of law, but whether this particular situation qualifies as an emergency is a factual question.

More significantly, it is a factual question that Everett and Kmart dispute. This dispute is material to resolving the case because it will affect its outcome, *see Anderson*, 477 U.S. at 248, and is genuine because both sides present evidence that would permit a reasonable jury to find in their favor. (*Compare, e.g.*, Ranade Decl. Ex. A at 19 *with* Hosenpud Decl. Ex. 19 at 52.) Kmart, for its part, presents evidence that the repaving project was only intended to cure "normal fair wear and tear" (Ranade Decl. Ex. B at 121), that Everett's local agent did not believe the project was an emergency (*id.* Ex. A at 19), that no one roped off the parking lot or took similar precautions one might expect in an emergency (Penn Decl. ¶ 5), and that the true impetus for the repairs was not a state of emergency but concern over a lawsuit taking place in Georgia (Ranade Decl. Ex. B at 12). Thus, Kmart's evidence supports a reasonable inference that there was no emergency. On the other hand, Everett presents evidence that the condition of the

ORDER- 6

parking lot was "dangerous" (Hosenpud Decl. Ex. 19 at 52), that it could be a "trip hazard," or cause damage to vehicles (Hosenpud Decl. Ex. 7 at 35), and that it "could cause someone to trip and fall" (*id.* Ex. 6 at 13). This supports a reasonable inference that there was an emergency. As such, the dispute is both genuine and material, and it is impossible for the court to enter summary judgment in Kmart's favor. *See Aydin*, 718 F.2d at 902.

There are further problems. In addition to disputing the ultimate conclusion of whether the project was an emergency expenditure, the parties dispute the underlying facts pivotal to making this determination: They disagree about the degree of danger posed by the pavement hazards, the immediacy of the danger, and whether the danger was "real" or "genuine." (*Compare* Ranade Decl. Ex. B at 121, Ex. A at 19; Penn Decl. ¶ 5 *with* Hosenpud Decl. Ex. 19 at 52, Ex. 7 at 35, Ex. 6 at 13.) These facts are material because resolving them will affect a fact finder's determination of whether the project was an emergency expenditure, and hence will affect the outcome of the case. *See Anderson*, 477 U.S. at 248. The dispute over these facts is also genuine because both parties present evidence that would allow reasonable persons to disagree with the other side's version of the facts. (*Compare* Ranade Decl. Ex. B at 121, Ex. A at 19; Penn Decl. ¶ 5 *with* Hosenpud Decl. Ex. 19 at 52, Ex. 7 at 35, Ex. 6 at 13.) Accordingly, the court DENIES Defendant Kmart's motion for summary judgment.[1]

---

[1] This factual dispute is sufficient to resolve Defendant's motion, but the court also points out that there is at least one additional factual dispute making summary judgment inappropriate. Everett argues that Kmart, through its conduct, showed such strong signs of approval for the

### C. Genuine Issues of Material Fact Preclude Plaintiff Everett's Cross-Motion for Summary Judgment

Everett cross-moves for summary judgment that Kmart violated the covenant of good faith and fair dealing implicit in every contract by refusing to pay its pro rata share of paving expenses. (Pltfs. Mot. at 15-16.) Everett's argument is cursory and does not cite any authority holding that it is bad faith to insist on compliance with mutually agreed-upon contract terms. (*See id.*) In any event, the parties vigorously contest the facts necessary to establish a violation of the covenant of good faith and fair dealing, so summary judgment is inappropriate at this time. (*Compare* Pltfs. Reply (Dkt. # 27) at 3-8 (citing Exhibits) *with* Dfts. Response (Dkt. # 26) at 2-4 (citing Exhibits).)

### III. CONCLUSION

For the foregoing reasons, the court DENIES Kmart's motion for summary judgment (Dkt. # 19) and DENIES Everett's cross-motion for summary judgment (Dkt. # 22).

Dated this 29 day of November, 2012.

JAMES L. ROBART
United States District Judge

---

project that it waived its right to demand strict compliance with the agreement. (*See* Pltfs. Mot. at 16-17.) A party can waive a contract provision meant for its benefit through "unequivocal acts of conduct evidencing an intent to waive." *Mike M. Johnson, Inc. v. Cnty. of Spokane*, 78 P.3d 161, 166-67 (Wash. 2003). The facts as presented by Everett support a reasonable inference of waiver when considered in the light most favorable to Everett, which is all that is required to defeat summary judgment. (*See generally* Pltfs. Mot. at 17-18 (citing Exhibits).)